JOY MORTON *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed June 19, 1907.*

SPECIAL ASSESSMENTS—*when finding that property was benefited must be upheld.* Unless palpably against the weight of the evidence, a finding by the county court that property will be benefited by an improvement to the extent of the assessment must be upheld on appeal, where the testimony of the petitioner's witnesses is sufficient to support such finding, even though an equal number of witnesses testify for the objectors that the property will be benefited but very little, if at all.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

HENRY W. LEMAN, for appellants.

CHARLES H. MITCHELL, and FRANK JOHNSTON, Jr., (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court confirming a special assessment for a proposed granite pavement on Seventeenth street, in the city of Chicago. Said street is two blocks long, extending east and west from State street to Clark street.

Appellants say in their brief: "The principal objection to this assessment is that the property will not be benefited in the least, or only to a very small amount, by the proposed improvement." That the property would be benefited to the extent of the assessment against it for the proposed improvement was testified to by three witnesses for appellee. All of them testified they were familiar with the location and value of the property. Two of them had known the property for a great many years,—one of them about thirty years and one about forty years. Appellants contend that they were expert witnesses and were frequently called upon by appellee to testify in such cases, and that their testimony for that reason should have but little weight. Three witnesses testified on behalf of appellants, one of whom owned property on Seventeenth street and the other two had sold property on said street. The substance of their testimony was that the property of appellants would not be benefited to the extent of the assessment; that the benefit to it would be very little if any at all, and that its value would not be increased by reason of the proposed improvement. The witnesses for the respective parties gave their reasons for testifying as they did. It cannot be denied that the testimony offered by appellee, standing alone, was amply sufficient to justify the judgment. The trial court was in a very much better position than we are to determine the weight proper to be given to the testimony of the respective witnesses, and although an equal number of witnesses for appellants testified contrary to the evidence given on behalf of appellee, we cannot say that the judgment was so palpably against the weight of the evidence that it should be reversed. Unless we could so say, the judgment should be affirmed. The case is controlled by the rule announced in *Topliff* v. *City of Chicago,* 196 Ill. 215, and *Clark* v. *City of Chicago,* 214 id. 318.

The judgment is affirmed.          *Judgment affirmed.*